# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 20, 1895.

ANDREW J. FICKEY, ET AL.,

VS.

JOSEPH MERREFIELD, TRUSTEE, ET AL.

*Messrs. George M. Sharp* and *Lanahan & Gosnell* for plaintiffs.

*Messrs. Frank Woods, A. F. Musselman, Wm. A. Fisher, Charles J. Bonaparte* and *Lemuel T. Appold* for defendants.

WICKES, J.—

I am of opinion that the third clause of the declaratory decree submitted should be stricken out so far as it provides that the corpus of the estate of Frederick Fickey in the hands of Joseph Merrefield, the trustee, shall so remain until sale and distribution be made as provided for in his will. Mrs. Mary Schaeffer having exercised her power of appointment by last will and testament over her interest in said trust estate, in favor of the Charity Organization Society of this city, subject to the payment of certain pecuniary legacies, we are asked to say that the fund shall remain intact, and the Society receive only its proportion of the income until such sale and distribution as the will of Frederick Fickey provides for.

This question is not properly before the Court for decision, nor will it be until the society demands the disintegration of the fund and the payment to it of so much of the corpus as Mrs. Schaeffer was entitled to receive the income from during her life.

But no such claim is now made, and may never be made. Indeed the counsel for the society disavow any desire at this time to disturb the fund or have their right to do so passed upon by the Court. But they do not wish to have their hands tied for all time, if in the future they may deem it wise to assert this right. As the question therefore may never arise, it seems to belong to that class of "abstract or experimental question," which the Court of Appeals say shall not be entertained. Pennington vs. Pennington, 70 Md. 430; Wethered vs. Safe Deposit Co., 79 Md. 164. It will therefore be omitted from the decree.